IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRADLEY WAYNE MINCHEY,<br>    ID # 126071553,<br>        Plaintiff,<br>vs.<br><br>JOHNSON COUNTY CORRECTIONAL<br>CENTER,<br>        Defendant. | )<br>)<br>)<br>)   No. 3:20-CV-1110-G-BH<br>)<br>)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's claims should be summarily **DISMISSED**.

### I.  BACKGROUND

On May 4, 2020, Bradley Wayne Minchey (Plaintiff) filed this civil rights action under 42 U.S.C. § 1983 against the Johnson County Law Enforcement Center, alleging that he was placed in a segregation cell in which the light switch did not work, and that the lights were bright and did not turn off or dim at all during the three weeks he spent in the cell.  (doc. 3 at 1; doc. 5 at 3-4.)[2]  He contends that his incarceration under these conditions constituted cure and unusual punishment and caused him serious mental strain.  (doc. 5 at 4.)  Plaintiff filed a prior civil rights lawsuit based on the same facts against the Johnson County Law Enforcement Center's operator, and that lawsuit remains pending, although dismissal for failure to state a claim has been recommended.  *See Minchey v. LaSalle Southwest Corrections*, No. 3:20-CV-1066-E-BN (N.D. Tex.), doc. 7.  He seeks monetary damages.  (doc. 5 at 4.)  No process has been issued.

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the

2

deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.   **Non-jural Entity**

Plaintiff sues the Johnson County Law Enforcement Center. A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. The Johnson County Law Enforcement Center is a not jural entity subject to suit. *See Clark v. Johnson County Jail*, No. 3:16-CV-2087-D-BH, 2017 WL 979060, at *2 (N.D. Tex. Feb. 10, 2017)(finding that the Johnson County Law Enforcement Center was not a separate legal entity having jural authority), rec. adopted, 2017 WL 976951 (N.D. Tex. Mar. 13, 2017); *Metcalf v. De Los Santos*, No. 3:12-CV-1815-G, 2012 WL 3204974, at *2 (N.D. Tex. July 18, 2012) (same), rec. adopted, 2012 WL 3222239 (N.D. Tex. Aug. 8, 2012); *Tamez v. Nueces County Jail*, No. 3:06-CV-255-N, 2006 WL 2583376, at *2 (N.D. Tex. Aug. 31, 2006) (finding that the plaintiff failed to show that the Johnson County Jail had ever been granted the capacity to sue or be sued); *Whitehead v. Johnson County Law Enforcement Center*, No. 3:95-CV-2118-G, at 2 (N.D. Tex. Mar. 27, 1996) (holding that Johnson County has not granted the Johnson County Law Enforcement Center the capacity to engage in separate litigation). Plaintiff therefore fails to state a claim, and his claims against it should be dismissed.

B.   **Duplicative Lawsuit**

Here, Plaintiff, a prisoner proceeding *in forma pauperis*, filed a prior lawsuit based on the

3

same facts against the defendant's operator. A duplicative *in pauperis* complaint that "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff" may be dismissed as frivolous under § 1915. *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989); *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of *in pauperis* prisoner complaint as duplicative of prior litigation and frivolous under §1915). The Fifth Circuit Court of Appeals has also found that an *in forma pauperis* prisoner lawsuit which duplicates the allegations of another pending federal action by the same prisoner may be dismissed as "malicious." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Chambers v. Stalder,* 999 F.2d 1580 (5th Cir. 1993) (per curiam) (Table, text on Westlaw) (quoting Pittman, 989 F.2d at 995); *Humphrey v. Luna*, 59 F.3d 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (finding it is malicious for a pauper to file successive duplicative suits *in forma pauperis*) (citing *Pittman*, 980 F.2d at 995 (pending lawsuits) and *Bailey*, 846 F.2d at 1021 (previous lawsuits)). The addition of different defendants in the later filed action does not change the frivolous or duplicative nature of a case, and a court may properly dismiss it. *See Bailey*, 846 F.2d at 1020-21.

Because he filed a prior action that is based on the same facts and asserts the very same claims as in this case, this case is also subject to summary dismissal as malicious and duplicative. The dismissal should be without prejudice to prosecution of Plaintiff's claims in his previously-filed pending case, however. *See Lewis v. Sec'y of Pub. Safety and Corr.,* 508 F. App'x 341, 344 (5th Cir. 2013) (dismissal of duplicative claim should be without prejudice to prosecution of the claim in the other currently pending case) (citing *Chambers*, 999 F.2d at 1580).

### V.  RECOMMENDATION

Plaintiff's claims against the Johnson County Law Enforcement Center should be

**DISMISSED WITH PREJUDICE** for failure to state a claim against it under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), but the dismissal should be **WITHOUT PREJUDICE** to his prosecution of his pending lawsuit against a different defendant based on the same facts. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 21st day of May, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.